## WOODRUFF COUNTY *v.* WHITE.

Opinion delivered December 10, 1928.

*Roy D. Campbell,* for appellant.

*Ross Mathis,* for appellee.

HUMPHREYS, J. Appellee is a duly elected road overseer of Cotton Plant Township, in Woodruff County. He presented five accounts to the county court for allowance, covering items for teams, labor and overseer's *per diem.* The accounts specified the dates on which the teams were worked and the amounts charged for each, but did not designate whose teams they were. They also specified the dates the overseer supervised the work. The several amounts were as follows: $87, $357.50, $6, $102, and $50. Each claim was disallowed on the ground that the work was not authorized by the county court and that the overseer was notified by the county judge not to do the work.

An appeal from each disallowance was taken to the circuit court of said county, Southern District, and was consolidated and tried as one cause before the court

sitting as a jury, upon the testimony adduced by the parties, resulting in a general finding that the work had been done, and the rendition of a judgment against appellant for the total amount claimed, from which is this appeal.

Appellant contends for a reversal of the judgment because the work was not done under the authority and direction of the county court. The record reveals by undisputed testimony that the county court never authorized nor directed appellee to do the work for which he presented accounts. Jurisdiction of all matters relating to county taxes and roads was conferred on county courts by § 28, article 7, of the Constitution of Arkansas. In addition to the constitutional authority conferred upon county courts relative to roads and taxes, the Legislature of 1915 imposed the duties of road commissioner of Woodruff County upon the county judge. If allowable for road overseers to work the roads in their respective districts without direction from the county court, then the court's constitutional authority over the road tax, which necessarily means the expenditure thereof, would not only be abridged but, for all practical purposes, would be absolutely nullified.

Again, it was improper to render a judgment on the accounts in the form in which they were presented. According to the undisputed testimony, many of the teams used by the overseer to perform the road work belonged to third parties. The account did not specify how many of the teams belonged to the road overseer himself. There is no authority in the law for an overseer to hire, pay for teams and labor and to file an individual claim against the county for the amounts expended. Section 5263 is mandatory, and provides as follows:

"All persons employed by the road commissioner, or the overseer of any road district, to work on the roads and bridges of any road district, or who have furnished any teams or tools to such overseer or road commissioner under the provisions of this act, shall make out, verify and present his account to the county court, which account shall be indorsed by the overseer of the district in which

said work was done, or the road commissioner, as correct; and if the same be so indorsed, the county court shall allow such claim, to be paid out of the county treasury to the credit of such road district.''

Again, the judgment rendered upon the accounts was improper because the undisputed testimony revealed that the quarterly reports filed by appellee as road overseer failed to meet the requirements of §§ 5227, 5264, 5342, 5351, 5352, 5500 and 6282 of Crawford & Moses' Digest. Section 5264 specifically prohibits the payment for any service performed by a road overseer until he has filed with the county clerk all reports and statements required of him by law.

On account of the errors indicated the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.